1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

| | |
|---|---|
| MARY ANNE PENCE, | CASE NO. C13-5837 RBL |
| Plaintiff, | ORDER GRANTING MOTIONS TO DISMISS |
| v. | |
| JOHN L. SCOTT, INC. BI, a Washington Corporation, WINDERMERE REAL ESTATE - KINGSTON, INC., and USDA RURAL DEVEOPMENT, | [Dkt. #s 7, 8] |
| Defendant. | |

9

10

11

12

13

14

15

## I.   INTRODUCTION

16

THIS MATTER is before the Court on USDA Rural Development's and Windermere

17

Real Estate-Kingston, Inc.'s Motions to Dismiss [Dkt. #s 7, 8].  Plaintiff Mary Anne Pence

18

purchased real property in Kitsap County in 2010.  [Dkt. #1, Ex. A, Complaint at ¶ 3.1].

19

Windermere acted as her real estate agent, and the purchase was financed through a mortgage

20

loan from USDA.  [*Id.* at ¶¶ 3.2, 3.8].  As part of the approval process for the loan, USDA

21

required Pence to provide it with certification from the local health district that the drinking

22

water system complies with the Safe Drinking Water Act, 42 U.S.C. § 300f, *et seq*. [*Id.* at ¶ 3.9].

23

The seller's agent, John L. Scott, Inc. BI, gave Windermere a 2009 statement from the Kitsap

24

1   County Health District that the property's water system would be approved contingent upon

2   several requirements.  [*Id.* at ¶ 3.10].  Windermere gave the 2009 statement to USDA, who

3   accepted the statement as proof of compliance with the Safe Drinking Water Act without further

4   inquiry.  [*Id.*].  Pence alleges that the drinking water system servicing the property does not

5   comply with the Safe Drinking Water Act and has not provided potable water since Pence

6   purchased the property. [*Id.* at ¶ 3.11].

7       Pence brought suit against both real estate agents and USDA.  She claims that

8   Windermere breached a fiduciary duty to her by negligently accepting the 2009 statement and

9   that USDA negligently failed to exercise ordinary care and discover the deficient water system

10  documentation.  USDA and Windermere now seek dismissal of these claims.  For the following

11  reasons, both Motions are GRANTED.

12                          **II.        DISCUSSION**

13          **A.  USDA's Motion**

14      USDA seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter

15  jurisdiction.  USDA argues that the Court lacks jurisdiction because Pence failed to exhaust

16  administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

17      A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes

18  otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Stock W., Inc. v.*

19  *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  An action against the United States

20  for damages resulting from the tortuous conduct of a government agency or employee must be

21  brought under the FTCA, 28 U.S.C. §§ 2671-2680.  As a jurisdictional prerequisite, an FTCA

22  action can only be instituted once an administrative claim is denied, either actually or

23  constructively by the agency's failure to act upon the claim within six months.  28 U.S.C. §

24

1 | 2675(a).  Thus, an FTCA action may not be maintained when the claimant fails to exhaust

2 | administrative remedies prior to filing suit.  *McNeil v. United States*, 508 U.S. 106 (1993);

3 | *Jerves*, 966 F.2d at 518; *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).

4 |     Pence did not allege in her complaint that she presented a valid administrative claim to

5 | USDA prior to filing this suit, and she did not respond to USDA's motion to dismiss.  Because

6 | Pence does not claim to have exhausted her administrative remedies prior to filing suit, the Court

7 | lacks subject matter jurisdiction over her claim against USDA.  USDA's Motion to Dismiss is

8 | GRANTED.

9 | **B.  Windermere's Motion**

10 |     Windermere seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim

11 | upon which relief can be granted.  Dismissal is appropriate where a complaint fails to allege

12 | "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,

13 | 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual

14 | content that allows the court to draw the reasonable inference that the defendant is liable for the

15 | misconduct alleged."  *Aschcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  As a result, a complaint

16 | must contain "more than labels and conclusions, and a formulaic recitation of the elements of a

17 | cause of action will not do." *Twombly*, 550 U.S. at 555.

18 |     Windermere argues that it did not owe a fiduciary duty to Pence, and that even if it did,

19 | Pence has not shown how those duties were breached here.  Duties of real estate brokers such as

20 | Windermere are governed by statute.  In place of common law fiduciary duties, the Washington

21 | State legislature has prescribed statutory duties that real estate brokers owe their clients.  RCW

22 | 18.86.030-050; *Jackowski v. Borchelt*, 174 Wash.2d 720, 732, 278 P.3d 1100 (Wash. 2012); *see*

23 | *also* RCW 18.86.110 ("[t]he duties under this chapter are statutory duties and not fiduciary

24 |

1   duties.  This chapter supersedes the fiduciary duties of an agent to a principal under the common

2   law.").

3        Pence argues that Windermere's acceptance of the alleged faulty certification violated the

4   statutory duty of loyalty and duty to advise the buyer to seek expert advice as described in RCW

5   18.86.050(a), (c).  [Dkt. #9, Response at 2].  But Pence has presented no facts from which such a

6   claim can be made.  Under the facts of the Complaint, USDA required the certification of SDWA

7   compliant drinking water as a condition of approval for the loan.  USDA accepted the 2009

8   statement from the Kitsap County Health District as such certification, and the loan was

9   approved.  RCW 18.86.030(2) exempts brokers from any duty "to independently verify the

10  accuracy or completeness of any statement made…by any source reasonably believed by the

11  broker to be reliable."  Windermere had no duty to independently verify the safety of the

12  drinking water, and Pence has presented no facts showing that Windermere acted unreasonably

13  in relying on the statements from the seller, the Kitsap County Health District, or USDA.

14  Windermere did not breach any duty to Pence by accepting the allegedly faulty certification.

15       But even if there was a duty, nothing in these facts shows that the faulty certification in

16  any way damaged Pence, let alone that Windermere caused the damage.  The certification only

17  matters as a condition of loan approval.  Because Pence received the loan, the alleged faultiness

18  of the certification does not change her position.  Pence has thus failed to state a claim for

19  professional negligence against Windermere.  Windermere's Motion to Dismiss is GRANTED.

20  //

21  //

22  //

23  //

24

ORDER GRANTING MOTIONS TO DISMISS - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.    CONCLUSION

USDA Rural Development's Motion to Dismiss [Dkt. #7] is **GRANTED**.  Windermere Real Estate's Motion to Dismiss [Dkt. #8] is **GRANTED**.    All claims against Windermere and USDA are **DISMISSED WITH PREDJUDICE**.  John L. Scott, Inc. BI, is the only defendant remaining in this case.

Dated this 20th day of November, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTIONS TO DISMISS - 5